[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10423
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20258-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REMBERTO SARMIENTO PEREZ,

Defendant-Appellant.

_____

No. 09-10424
Non-Argument Calendar

_____

D. C. Docket No. 08-20262-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REMBERTO SARMIENTO PEREZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 9, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Remberto Sarmiento Perez appeals his convictions for twenty counts of Medicare fraud and the sentences imposed. Perez contends that the district court erred in giving a jury instruction on deliberate ignorance and improperly applied a two-level obstruction of justice enhancement.

I.

Perez contends that the district court erred in giving a jury instruction on deliberate ignorance because no evidence showed that he purposefully avoided learning that he was committing health care fraud. "Because a challenge to a jury instruction presents a question of law, our review is de novo." United States v. Stone, 9 F.3d 934, 938 (11th Cir. 1993). As we have held before, "We need not

2

decide whether the evidence justified the deliberate ignorance instruction, because our decision in United States v. Stone, 9 F.3d 934 (11th Cir. 1993), says that it does not matter." United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006). It does not matter because the error of giving a deliberate ignorance instruction with no basis in the evidence will always be harmless. Id.; Stone, 9 F.3d at 937–38. Thus, Perez's argument is without merit.

## II.

Perez also contends that the district court erred in imposing a two-level obstruction of justice enhancement to his sentence. See U.S.S.G. § 3C1.1. He argues that his statements to the FBI did not significantly impair its investigation and therefore the obstruction of justice enhancement was improper. Again, Perez's argument lacks merit. We have held that when a district court expressly states that it would have imposed the same sentence even without the sentencing enhancement, it is unnecessary for us to review the enhancement issue. See United States v. Keene, 470 F.3d 1347, 1348–49 (11th Cir. 2006) (explaining that this is because "a decision either way will not affect the outcome of this case. We know it will not because the district court told us that the enhancement made no difference to the sentence imposed."); see also United States v. Williams, 431 F.3d 767, 775–76 (11th Cir. 2005) (Carnes, J., concurring). After sentencing Perez to

3

97-months imprisonment, the district court stated, "I do want to make it clear that I think a 97 month sentence would have been a reasonable sentence . . . and an appropriate sentence under consideration of the [§ 3553(a)] factors regardless of application of the guidelines." The district court's statement makes it clear that the obstruction of justice enhancement made no difference to Perez's sentence, and therefore we do not need to review it.

When a district court gives us this kind of guidance, we review only the reasonableness of the sentence imposed. Keene, 470 F.3d at 1349. In determining whether the sentence was reasonable, we "assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." Id.

If the district court had decided the obstruction of justice enhancement issue in Perez's favor, the advisory guidelines range would have been 63 to 78 months, instead of the 78 to 97 months range that the court arrived at by applying the two-level enhancement.[1] The question is whether the 97-month sentence imposed is

_____

[1]Using the 2008 Sentencing Guidelines, Perez's base offense level was 6 under U.S.S.G. § 2B1.1(a)(2). He received an 18-level enhancement under § 2B1.1(b)(1)(J) because the amount of the loss was more than $2.5 million but less than $7 million. Perez also received a 2 level sophisticated means enhancement, see § 2B1.1(b)(9)(C), and a 2 level obstruction of justice

4

reasonable, assuming exactly the same conduct and other factors in the case, but using an advisory range of 63 to 78 months.

"Our post-Booker reasonableness review takes into account the § 3553(a) factors as well as the advisory guidelines range. It is a 'deferential' review, and the burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)." Id. at 1350 (internal citations omitted). Perez cannot carry his burden of showing that his 97-month sentence was unreasonable even with an assumed advisory guidelines range of 63 to 78 months. Although the district court imposed a sentence above the lower advisory guidelines range, Perez used stolen patient information to fraudulently bill Medicare for equipment never actually purchased by those patients. The scheme resulted in substantial losses to the government. We cannot say that the district court's decision to impose a 97-month sentence was unreasonable.

**AFFIRMED.**

---

enhancement. See § 3C1.1. With a total offense level of 28 and a criminal history category of I, his advisory guidelines range was 78–97 months imprisonment. Without the obstruction of justice enhancement, his advisory guidelines range would have been 63–78 months based on a total offense level of 26 and a criminal history category of I.